UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>MBMG HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 24-_____<br><br>(Joint Administration Pending) |

**DEBTORS' EMERGENCY OMNIBUS MOTION FOR ENTRY
OF AN ORDER AUTHORIZING, EFFECTIVE AS OF THE PETITION
DATE, (I) REJECTION OF CERTAIN UNEXPIRED LEASES
OF NON-RESIDENTIAL REAL PROPERTY, (II) ABANDONMENT
OF ANY PERSONAL PROPERTY, AND (III) RELATED RELIEF
(Emergency Hearing Requested)**

**Statement of Exigent Circumstances**

The Debtors seek permission, on an emergency basis, to reject certain unexpired non-residential real property leases and to abandon the personal property at the locations covered by such leases. Immediate rejection and abandonment will preclude the accrual and assertion of administrative expense claims. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion") seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to: (a) reject certain unexpired leases of non-residential real property,

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

13233253-7

including any guaranties therefore and any amendments, modifications, or subleases thereto (each, a "Lease" and collectively, the "Leases"), a list of which is attached as **Exhibit 1** to the Order; (b) abandon certain equipment, fixtures, furniture, or other personal property that may be located at the premises covered by each Lease and not otherwise already removed by the Debtors (collectively, the "Personal Property"), with both rejection of the Leases and the abandonment of Personal Property to be effective as of the Petition Date; and (c) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of Nicholas K. Campbell in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and incorporated herein, and respectfully represent as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 365(a) and 554 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 6003, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 9075-1 of the Local Bankruptcy Rules for the Southern District of Florida (as amended, the "Local Rules").

## II. BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

7.      For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

### III.    RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, and pursuant to section 365(a) of the Bankruptcy Code, to reject the Leases reflected on **Exhibit 1** to the Order, effective as of the Petition Date. The Debtors have determined in their reasonable business judgment that the Leases provide no benefit to the Debtors' estates or these Chapter 11 Cases and are therefore burdensome to the Debtors' estates. Specifically, the Leases pertain to the Debtors' former headquarters and two commercial leases which have been abandoned by the Debtors.  Additionally, the Debtors have determined in their reasonable business judgment that the costs of the Leases exceed any marginal benefits that could potentially be achieved from assignment or sublease of such Leases.  Accordingly, the Debtors submit that maintaining the Leases would impose unnecessary cost and burdens on the Debtors' estates with no commensurate benefit.

9.      Moreover, the Debtors believe that they have removed substantially all of their personal property from the locations covered by the Leases, but in the event that any *de minimis* Personal Property remains at such locations, the Debtors have determined that (a) the

Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. Accordingly, to reduce post-petition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Personal Property as of the Petition Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

A.  **Rejection of the Leases is within the Debtors' business judgment and is in the best interests of their estates.**

10. Section 365(a) of the Bankruptcy Code allows a debtor, subject to the approval of the bankruptcy court, to assume or reject any executory contract or unexpired lease. *See, e.g.*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, No. 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an executory contract or unexpired lease is subject to the "business judgment" test. *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005).

11. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired executory contract or lease. *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 374 (2019); *see also In re Colony Beach & Tennis Club Ass'n, Inc.*, No. 8:09-cv-535-T-33, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of the debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim or caprice.") (citation omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310,

315 (Bankr. D. Utah 1981) (explaining that "except in extraordinary circumstances," court approval of a debtor's decision to assume or reject an unexpired executory contract or lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired executory contract or lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

12. After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that there is no net benefit from the continued performance under the Leases or to retain and market them, and rejection will avoid the accrual of administrative expenses. Therefore, the Leases are not a part of the Debtors' go-forward business plan and are otherwise a burden to the Debtors' estates. As such, it necessarily follows that the rejection of the Lease as of the Petition Date is a sound exercise of the Debtors' business judgment and is ultimately a decision that will benefit the Debtors' estates.

13. The Debtors seek to reject the Leases, pursuant to section 365(a) of the Bankruptcy Code, effective as of the Petition Date to avoid the incurrence of any additional, unnecessary expenses related to the Leases. Absent rejection, the Debtors believe that the Leases will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business with respect to the proposed sale. Rejecting the Leases will help ease the Debtors' cash burn and increase the Debtors' liquidity.

14. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Leases. Accordingly, the Debtors respectfully request that

the Bankruptcy Court authorize the rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code effective as of the Petition Date.

**B.     Abandonment of any Personal Property located at the locations covered by the Leases is authorized by section 554(a) of the Bankruptcy Code.**

15.    Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated to accept onerous or unprofitable property surrendered as part of the estate, . . . and may abandon property that is 'burdensome' or 'of inconsequential value and benefit' under § 554 of the Code.") (citations omitted).

16.    The Debtors submit that any Personal Property left at the locations covered by the Leases are of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property. Accordingly, the Debtors have determined, in the exercise of their sound business judgment that abandonment of any Personal Property will be in the best interest of the Debtors and their estates.

## Expedited Consideration and Waiver of Any Applicable Stay

17.    The Debtors respectfully request expedited consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of its operations and that any delay in granting the relief

requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would hinder severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

18. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

[This section intentionally left blank]

**WHEREFORE,** the Debtors respectfully request that the Court grant this Motion and enter the Order, substantially in the form attached hereto as **Exhibit A**, (i) approving (a) the rejection of the Leases effective as of the Petition Date, and (b) the abandonment of the Personal Property effective as of the Petition Date, and (ii) granting such other relief as is just and proper.

Dated:  October 13, 2024.

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Christopher Andrew Jarvinen*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Christopher Andrew Jarvinen
Florida Bar No. 21745
cjarvinen@bergersingerman.com
Clay B. Roberts
Florida Bar No. 116058
croberts@bergersingerman.com

# **EXHIBIT A**

Proposed Order

13233253-7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>MBMG HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 24-_____<br><br>(Jointly Administered) |

**ORDER GRANTING
DEBTORS' EMERGENCY OMNIBUS MOTION FOR ENTRY
OF AN ORDER AUTHORIZING, EFFECTIVE AS OF THE PETITION
DATE, (I) REJECTION OF CERTAIN UNEXPIRED LEASES
OF NON-RESIDENTIAL REAL PROPERTY, (II) ABANDONMENT
OF ANY PERSONAL PROPERTY, AND (III) RELATED RELIEF**

**THIS MATTER** having come before the Court for a hearing on October [•], 2024 at [•]

[a.m./p.m.] in Miami, Florida (the "Hearing") upon the *Debtors' Emergency Omnibus Motion for*

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

13233348-5

*Entry of an Order Authorizing, Effective as of the Petition Date, (I) Rejection of Certain Unexpired Leases of Non-Residential Real Property, (II) Abandonment of Any Personal Property, and (III) Related Relief* [ECF No. __] (the "<u>Motion</u>")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), seeking entry of an order (i) to reject those certain Leases identified on **Exhibit 1** to this Order, effective as of the Petition Date, and (ii) to abandon the Personal Property, effective as of the Petition Date.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

    **ORDERED** that:

1. The Motion is **GRANTED** as provided herein.

2. The Debtors' rejection of the Leases and the abandonment of the Personal Property will benefit the Debtors' estates and represent decisions by the Debtors made well within the scope of the Debtors' sound business judgment.

3. Pursuant to section 365 of the Bankruptcy Code, the Debtors' rejection of the Leases listed on **Exhibit 1** to this Order are **APPROVED** effective as of the Petition Date.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

13233348-5

2

4.  The Debtors are authorized to abandon, effective as of the Petition Date, any Personal Property located at the location covered by the Lease free and clear of all liens, claims, encumbrances, interests, and rights of third parties, and any such Personal Property remaining at a leased premises effective as of the Petition Date shall be deemed abandoned. The landlord or its managing agent may utilize and/or dispose of such abandoned Personal Property remaining at the leased premises effective as of the Petition Date in its sole discretion without notice or liability to the Debtors or any third parties.

5.  **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION OF THE LEASE MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3002(c); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE LEASE; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE LEASE.**

6.  Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

7.  The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.  The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: cjarvinen@bergersingerman.com

*(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

**EXHIBIT 1**

| Debtor Lessee | Name and Address of Lease Counterparty | Lease Description |
|---|---|---|
| MB Medical Operations, LLC | Seabreeze Plaza LLC<br>7501 Wisconsin Ave., Ste. 1500E<br>Bethesda, MD 20814<br>Attn: Legal Department<br><br>-and-<br><br>Seabreeze Plaza LLC<br>Seabreeze Shopping Center<br>30555 US Highway 19 N.<br>Palm Harbor, FL 34684<br><br>-and<br><br>Randall P. Mueller, Esq.<br>Carey, O'Malley, Whitaker, Mueller, Roberts & Smith, P.A.<br>712 South Oregon Avenue<br>Tampa, FL 33606 | Commercial property lease for premises located in the Seabreeze Plaza Shopping Center, 30555 US Highway 19 N., Palm Harbor, Florida 34684;<br><br>Never occupied by MB Medical Operations, LLC;<br><br>Currently in litigation.[3] |
| MB Medical Operations, LLC | University Collection-FCA, LLC<br>c/o FCA Partners, LLC<br>300 S. Tryon Street, Suite 420<br>Charlotte, NC 28202<br>Attn: Edward M. Cherry<br><br>-and-<br><br>Moore & Van Allen, PLLC<br>100 N. Tryon Street, Street 4700<br>Charlotte, NC 28202<br>Attn: Jeffrey Glenney, Esq.<br><br>-and- | Commercial property lease for premises located in the University Collection Shopping Center, 2701-2709 University Square Drive, Suites 100-150 and 940, Tampa, FL 33612;<br><br>Never occupied by MB Medical Operations, LLC;<br><br>Currently in litigation.[4] |

---

[3] *Seabreeze Plaza, LLC vs. MB Medical Operations, LLC d/b/a Clinical Care Medical Centers*, Case No. 2023-008642-CI, pending in the Sixth Judicial Circuit In and For Pinellas County, Florida.

[4] *University Collection-FCA, LLC vs. MB Medical Operations, LLC d/b/a Clinical Care Medical Centers*, Case No. 2024-CA-004029, Division D, pending in the Thirteenth Judicial Circuit In and For Hillsborough County, Florida.

13233348-5                                                          5

| Debtor Lessee | Name and Address of Lease Counterparty | Lease Description |
|---|---|---|
| | University Collection-FCA, LLC<br>2701 University Square Drive<br>Suites 100-150 and 940<br>Tampa, FL  33612<br><br>-and<br><br>Jeffrey P. Lieser, Esq.<br>William E. Roberts, Esq.<br>Lieser Skaff, PLLC<br>403 North Howard Avenue<br>Tampa, FL  33606 | |
| MB Medical Operations, LLC | 107th and 14th LLC<br>1400 NW 107th Ave., Ste. 500<br>Miami, Florida 33172<br><br>-and-<br><br>107th and 14th LLC<br>1200 Alton Road<br>Miami Beach, FL 33139<br><br>-and-<br><br>Patricia A. Redmond, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson<br>Museum Tower<br>150 West Flagler St., Ste. 2200<br>Miami, FL 33130<br>predmond@stearnsweaver.com | Lease for the Debtors' former headquarters located at 1400 NW 107th Ave., Miami, Florida 33172, including Suites 301-307-405-420-500-501;<br><br>Abandoned Lease on August 14, 2024;<br><br>Currently in litigation.[5] |

---

[5] *107th and 14th LLC vs. MB Medical Operations, LLC*, Case No. 2024-013975-CA-01, pending in the Eleventh Judicial Circuit In and For Miami-Dade County, Florida.