UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MBMG HOLDING, LLC, *et al.*,[1] | Case No. 24-_____ |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' EXPEDITED MOTION REQUESTING A SCHEDULING
ORDER TO SET THE DATE AND TIME OF THE SALE HEARING,
THE OBJECTION DEADLINE, AND GRANTING RELATED RELIEF**

**(Expedited Hearing Requested)**

**Statement of Exigent Circumstances**

The Debtors respectfully request that the Court set this motion for hearing on an expedited basis for limited relief, specifically, the entry of the Scheduling Order to schedule the hearing on the Sale Motion on or before November 27, 2024, and to set related deadlines and grant additional relief, in order to comply with the sale-related deadlines required under the DIP Credit Agreement and the Purchase Agreement (each as term is defined herein). The Debtors reasonably believe that a hearing to consider the foregoing relief requested must be held on an expedited basis as soon as the Court's calendar will permit. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), seeking the

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Scheduling Order"), scheduling the hearing and related deadlines on the *Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All of the Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens and Interests Except for Permitted Liens and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* filed concurrently herewith (the "Sale Motion").[2]  In support of this Motion, the Debtors rely on the (i) *Declaration of Nicholas K. Campbell in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and (ii) *Declaration of Don Ritucci in Support of Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens and Interests Except for Permitted Liens and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Ritucci Declaration"), each of which is filed concurrently herewith and incorporated herein, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[2]   Any capitalized term not explicitly defined herein shall have the meaning ascribed to it, as applicable, in (i) the Sale Motion, or (ii) the Purchase Agreement (as defined herein).

13305490-7

3.      The statutory predicates for the relief requested herein are sections 102, 105, 363, 365, 503 and 507 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rules 2002-1(C)(2) and 6004-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Rules").

## PROCEDURAL BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in the Chapter 11 Cases.

7.      On the date hereof, the Debtors have also filed a motion (the "DIP Financing Motion") seeking approval to obtain debtor-in-possession financing by entering into a *Senior Secured Superpriority Priming Debtor-in-Possession Credit Agreement* attached as an exhibit to the DIP Financing Motion (the "DIP Credit Agreement"), with the lenders party thereto from time to time, and the Debtors incorporate by reference herein the DIP Financing Motion and DIP Credit Agreement.

8.      For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

13305490-7

## THE PROPOSED PRIVATE SALE

9.    The Sale Motion requests the Court to, among other things, enter an order (the "Sale Order") authorizing the Debtors to enter into and perform under that certain *Asset Purchase Agreement*, dated as of October 12, 2024 (as may be amended or otherwise modified from time to time and including all related instruments, documents, exhibits, schedules, and agreements thereto, collectively, the "Purchase Agreement"), substantially in the form attached to the Sale Motion as Exhibit B, by and among (a) 14 of the Debtors[3] (each, a "Seller" and collectively, "Sellers") and (b) Conviva Medical Center Management, LLC, a Delaware limited liability company that is a controlled affiliate of Humana Inc. ("Buyer"), for the private going concern sale of substantially all of the assets of the Sellers (*i.e.*, the Purchased Assets) outside of the ordinary course of business pursuant to the terms of the Purchase Agreement (the "Sale").

## THE RELIEF REQUESTED SHOULD BE GRANTED

10.    By this Motion, the Debtors seek the entry of the Scheduling Order, substantially in the form attached hereto as **Exhibit A**, scheduling the hearing on the Sale Motion (the "Sale Hearing") on or before November 27, 2024, setting the deadline to object to the Sale, and granting related relief. As is customary, the DIP Credit Agreement includes certain "bankruptcy milestones" which include (i) the Debtors obtaining the entry of the Sale Order by the Court not later than 45 days after the Petition Date (*i.e.*, November 27, 2024), and (ii) the Debtors consummating the Sale with the Buyer not later than 60 days after the Petition Date (*i.e.*,

---

[3] The Sellers are the following Debtors: (i) MB Medical Operations, LLC, (ii) MB Medical Transport, LLC, (iii) Care Center Network, LLC, (iv) Care Center Medical Group, LLC, (v) Clinical Care Pharmacy, LLC, (vi) Florida Family Primary Care Center, LLC, (vii) Florida Family Primary Care Centers of Orlando, LLC, (viii) Florida Family Primary Care Centers of Tampa, LLC, (ix) Florida Family Primary Care Centers of Pasco, LLC, (x) Florida Family Primary Care Centers of Pinellas, LLC, (xi) CCMC Physician Holdings, Inc., (xii) Miami Medical & Wellness Center LLC, (xiii) Miami Beach Medical Centers, Inc. f/k/a Rodolfo Dumenigo, M.D., P.A., and (xiv) Miami Beach Medical Consultants, LLC.

13305490-7

December 12, 2024).  *See* DIP Credit Agreement, § 10.18(d).  Thus, the Debtors request the entry of the proposed Scheduling Order in order to comply with the "bankruptcy milestones".

11.     The Debtors submit that the proposed Scheduling Order is procedural in nature and should be entered by the Court.  Pursuant to Bankruptcy Rule 2002(a)(2), the Debtors are required to provide creditors with (21) twenty-one days' notice of the Sale.  As set forth herein, the Debtors request that the Court schedule a Sale Hearing well beyond twenty-one (21) days after the date of the entry of the proposed Scheduling Order.  The proposed Scheduling Order includes the typical types of procedural information related to bankruptcy sales, including (i) the date and time of the Sale Hearing, (ii) the date and time for parties to file and serve objections to the proposed Sale, and (iii) the parties which should be served with objections.  As such, the Debtors submit that the entry of the Scheduling Order will assist the orderly process related to the Court's consideration of the Sale Motion.

## REQUEST FOR WAIVER UNDER BANKRUPTCY RULES 6004(H) AND 6006(D)

12.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

13.     To preserve the value of the Debtors' estates and limit the costs of administering and preserving such assets, and to comply with milestones under the DIP Credit Agreement, the Debtors respectfully request that the Scheduling Order be effective immediately upon entry by the Court and that the Court waive the fourteen (14) day stay periods under Bankruptcy Rules 6004(h) and 6006(d).

13305490-7

14.     Based upon the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors and their estates and should be granted in all respects.

**WHEREFORE**, the Debtors respectfully request that the Court: (a) grant this Motion, (b) enter the proposed Scheduling Order, substantially in the form attached hereto as **Exhibit A**, and (c) grant such other and further relief as the Court deems just and proper.

Dated:  October 13, 2024

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/ Christopher Andrew Jarvinen*
        Paul Steven Singerman
        Florida Bar No. 378860
        singerman@bergersingerman.com
        Christopher Andrew Jarvinen
        Florida Bar No. 021745
        cjarvinen@bergersingerman.com
        Samuel J. Capuano
        Florida Bar No. 90946
        scapuano@bergersingerman.com

6

13305490-7

# EXHIBIT A

## (Scheduling Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MBMG HOLDING, LLC, *et al.*,[1]

      Debtors.

Chapter 11 Cases

Case No. 24-_____

(Jointly Administered)

**ORDER GRANTING
DEBTORS' EXPEDITED MOTION REQUESTING A SCHEDULING
ORDER TO SET THE DATE AND TIME OF THE SALE HEARING,
THE OBJECTION DEADLINE, AND GRANTING RELATED RELIEF**

      **THIS MATTER** came before the Court on October __, 2024 at ___ a.m./p.m. (the

"Hearing") upon the *Debtors' Expedited Motion Requesting a Scheduling Order to Set the Date*

---

[1]    The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144.  The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474)..

1

*and Time of the Sale Hearing, the Objection Deadline, and Granting Related Relief* [ECF No. [•]] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), which requests, among other relief, the entry of an order (this "Order") setting the date and time of the hearing (the "Sale Hearing") to consider approval of the *Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All of the Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens and Interests Except for Permitted Liens and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* filed concurrently herewith (the "Sale Motion"), the deadline for filing and serving objections to the Motion, including but not limited to the Debtors' request to enter into and perform under that certain *Asset Purchase Agreement*, dated as of October 12, 2024 (as may be amended or otherwise modified from time to time and including all related instruments, documents, exhibits, schedules, and agreements thereto, collectively, the "Purchase Agreement"), and granting related relief, all as more fully set forth in the Motion.  This Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) it may enter a final order consistent with Article III of the United States of the Constitution; (iv) notice of the Motion and the Hearing were appropriate under the circumstances and no other or further notice need be provided; (v) the relief requested in the Motion, to the extent granted herein, is in the best interest of the Debtors, their estates, their creditors, and other parties-in-interest; and (vii) upon review of the record before the Court, including the legal and factual

---

[2]    Any capitalized term not explicitly defined herein shall have the meaning ascribed to it, as applicable, in (i) Motion, (ii) the Sale Motion, or (iii) the Purchase Agreement (as defined herein).

2

bases set forth in the Motion, the First Day Declaration and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant certain relief requested in the Motion. Accordingly, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The Sale Hearing shall be held **on November ___, 2024 at __ a.m./p.m. (ET) at the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom __, Miami, Florida 33128.**  Although the Court will conduct the Sale Hearing in person, any interested party may choose to attend the Sale Hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone, if the Judge's procedures allow. To participate in the Sale Hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the Sale Hearing. To register, click on the link below or manually enter the following registration link in a browser:

**https://www.zoomgov_____**

The Sale Hearing may be adjourned from time to time by the Debtors, and for the avoidance of any doubt, the Sale Hearing is subject to the right of the Debtors, in the reasonable exercise of their business judgment, to adjourn the Sale Hearing to a later date with the consent of Conviva Medical Center Management, LLC, a Delaware limited liability company that is a controlled affiliate of Humana Inc. ("Buyer"), and KKR Loan Administration Services LLC (the "DIP Agent"), which consent shall not be unreasonably withheld, subject to the availability of the Court and any order of this Court approving DIP financing under the DIP Credit Agreement.

13287099-9

3.      **Objections, if any, to the proposed Sale[3] of the Purchased Assets[4]** contemplated by the Purchase Agreement to the Buyer, or to any relief requested in the Sale Motion, must: (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (d) be filed with the Court <u>on or before 4:00 p.m. (prevailing Eastern Time) on           , 2024 (the "Sale Objection Deadline"); and (e) be served, so as to be actually received not later than the Sale Objection Deadline,</u> upon: (1) *the Debtors*, c/o (i) the Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn:  Nicholas K. Campbell, nick@wearemeru.com); and (ii) *proposed bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq. (cjarvinen@bergersingerman.com) and Samuel Capuano, Esq. (scapuano@bergersingerman.com); (2) *counsel for the Buyer*, Laurence Frazen, Esq. (larry.frazen@bclplaw.com) and Michael Goldberg, Esq. (michael.goldberg@akerman.com); (3) *counsel for the DIP Agent and DIP Lenders* (a) Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110 (Attn: Charles A. Dale, Esq. (cdale@proskauer.com)) and Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Vincent Indelicato, Esq. (vindelicato@proskauer.com) and Matthew R. Koch, Esq. (mkoch@proskauer.com)) and (b) Trenam Law, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 (Attn: Lara Roeske Fernandez, Esq., LFernandez@trenam.com); (3) *the Office of the United States Trustee*, 51 SW First Avenue, Room 1204, Miami, Florida 33130 (Attn: _____); and (4) counsel to any official committee appointed in the Chapter 11 Cases.

---

[3]  As such term is defined in the Sale Motion.
[4]  As such term is defined in the Purchase Agreement.

13287099-9

4.      Copies of (i) the Sale Motion, (ii) the proposed Purchase Agreement, and (iii) the proposed Sale Order[5] can be obtained by contacting (1) the Debtors at either (a) *the Chief Restructuring Officer for the Debtors*, c/o Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn:  Nicholas K. Campbell, nick@wearemeru.com), or (b) *the proposed bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq., (cjarvinen@bergersingerman.com), and Samuel Capuano, Esq. (scapuano@bergersingerman.com), or (2) obtained without charge from the case website maintained by Epiq Corporate Restructuring, LLC, the Debtors' noticing, claims and solicitation agent in connection with the Chapter 11 Cases, at https://dm.epiq11.com/CCMC.

5.      For the reasons stated in the Motion and at the Hearing, the Court grants the Debtors' request for shortened notice with respect to the entry of this Order.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and no automatic stay shall apply to this Order.

7.      The Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation, interpretation and enforcement of this Order.

#    #    #

---

[5]  As such term is defined in the Sale Motion.

13287099-9

Submitted by:
Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
Email:  cjarvinen@bergersingerman.com

*(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

6

13287099-9