

**ORDERED in the Southern District of Florida on October 14, 2024.**

_Corali Lopez-Castro_
**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Case |
| MBMG HOLDING, LLC, | Case No. 24-20576-CLC |
| Debtor._____/ | |
| In re: | Chapter 11 Case |
| CARE CENTER MEDICAL GROUP, LLC, | Case No. 24-20577 |
| Debtor._____/ | |
| In re: | Chapter 11 Case |
| CARE CENTER NETWORK, LLC, | Case No. 24-20580 |
| Debtor._____/ | |
| In re: | Chapter 11 Case |
| CCMC PHYSICIAN HOLDINGS, INC., | Case No. 24-20578 |
| Debtor._____/ | |

| | |
|---|---|
| In re: | Chapter 11 Case |
| CLINICAL CARE PHARMACY, LLC, | Case No. 24-20579 |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| FLORIDA FAMILY PRIMARY CARE CENTER, LLC, | Case No. 24-20581 |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| FLORIDA FAMILY PRIMARY CARE CENTER OF PASCO, LLC, | Case No. 24-20582 |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| FLORIDA FAMILY PRIMARY CARE CENTERS OF ORLANDO, LLC, | Case No. 24-20583 |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| FLORIDA FAMILY PRIMARY CARE CENTERS OF PINELLAS, LLC, | Case No. 24-20584 |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| FLORIDA FAMILY PRIMARY CARE CENTERS OF TAMPA, LLC, | Case No. 24-20585 |
|     Debtor. _____/ | |

| | |
|---|---|
| In re: | Chapter 11 Case |
| MB MEDICAL OPERATIONS, LLC, | Case No. 24-20586 |
|     Debtor. | |
| _____/ | |
| In re: | Chapter 11 Case |
| MB MEDICAL TRANSPORT, LLC, | Case No. 24-20587 |
|     Debtor. | |
| _____/ | |
| In re: | Chapter 11 Case |
| MBMG INTERMEDIATE HOLDING, LLC, | Case No. 24-20588 |
|     Debtor. | |
| _____/ | |
| In re: | Chapter 11 Case |
| MIAMI BEACH MEDICAL CENTERS, INC., | Case No. 24-20589 |
|     Debtor. | |
| _____/ | |
| In re: | Chapter 11 Case |
| MIAMI BEACH MEDICAL CONSULTANTS, LLC, | Case No. 24-20590 |
|     Debtor. | |
| _____/ | |
| In re: | Chapter 11 Case |
| MIAMI MEDICAL & WELLNESS CENTER, LLC, | Case No. 24-20591 |
|     Debtor. | |
| _____/ | |

**ORDER GRANTING DEBTORS'** *EX PARTE*
**MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** having come before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. 6] (the "Motion")[1] filed by the above-captioned

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3

debtors and debtors-in-possession (collectively, the "Debtors"),[2] pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2)(a). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion was appropriate under the circumstances and no other or further notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; (vii) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; and (viii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered.  The case of MBMG Holding, LLC, Case No. 24-20576-CLC is designated as the "lead case."

---

[2] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144.  The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

3. All of the above-captioned cases are assigned to the Honorable Corali Lopez-Castro.

4. A single case docket and court file will be maintained hereafter under the "lead case" number.

5. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

6. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MBMG HOLDING, LLC, *et al.*,

Debtors.
_____/

Chapter 11 Cases

Case No. 24-20576-CLC

(Jointly Administered)

7. Pleadings filed in any case other than the lead case shall be captioned under the lead case name and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the case(s) in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed. Schedules and the statement of financial affairs shall be styled and filed in the case name and number of the member case.

8. Parties may request joint hearings on matters pending in any of the jointly administered cases.

9. A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474). The docket of MBMG Holding, LLC (Case No. 24-20576-CLC) should be consulted for all matters affecting this case.

10. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

11. Nothing contained in the Motion, or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

12. The Debtors shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

13. The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
*Proposed Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*