UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>MBMG HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 24-20576-CLC<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL
NOTICE OF ASSUMPTION AND CURE COSTS WITH RESPECT
TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES POTENTIALLY TO BE
ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF DEBTORS' ASSETS**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO
AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR
MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**

PLEASE TAKE NOTICE THAT:

1. On October 13, 2024, MBMG Holding, LLC, and its affiliated debtors (collectively, the "Debtors")[2] filed the *Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All of the Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens and Interests Except for Permitted Liens and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [ECF No. 29] (the "Sale Motion") with the United States Bankruptcy Court for the Southern District of Florida (the "Court") in the above-referenced, jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases").

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them, as applicable, in the Sale Motion or the Purchase Agreement (as such term is defined in the Sale Motion).

2. The Sale Motion requests the Court's authorization for, among other relief, the Debtors to enter into, and consummate, a certain *Asset Purchase Agreement*, dated as of October 12, 2024, which is attached as Exhibit B to the Sale Motion (as may be amended or otherwise modified from time to time and including all related instruments, documents, exhibits, schedules, and agreements thereto, collectively, the "Purchase Agreement") with Conviva Medical Center Management, LLC (the "Buyer") for the sale (as such term is defined in the Sale Motion, the "Sale") of substantially all of the Debtors' assets (as such term is defined in the Purchase Agreement, the "Purchased Assets").

3. Copies of (i) the Sale Motion, (ii) the proposed Purchase Agreement, and (iii) the proposed order approving the Sale (as such term is defined in the Sale Motion, the "Sale Order") can be obtained (1) by contacting the Debtors at either (a) *the Chief Restructuring Officer for the Debtors*, c/o Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn: Nicholas K. Campbell, nick@wearemeru.com), or (b) *the proposed bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq., (cjarvinen@bergersingerman.com), and Samuel Capuano, Esq. (scapuano@bergersingerman.com)), or (2) without charge from the case website maintained by Epiq Corporate Restructuring, LLC, the Debtors' noticing, claims and solicitation agent in connection with the Chapter 11 Cases, at https://dm.epiq11.com/CCMC.

4. On October 17, 2024, the Debtors filed with the Court their initial *Notice of Assumption and Cure Costs with Respect to Executory Contracts or Unexpired Leases Potentially to be Assumed and Assigned in Connection with Sale of Debtors' Assets* [ECF No. 95] (the "Initial Assumption Notice"). The Initial Assumption Notice provided notice by the Debtors of their intent to potentially assume and assign the prepetition executory contracts or unexpired leases listed on Exhibit A to the Initial Assumption Notice (as defined in the Purchase Agreement, the "Desired 365 Contracts") to the Buyer.

5. On October 23, 2024, the Debtors filed with the Court their *First Supplemental Notice of Assumption and Cure Costs with Respect to Executory Contracts or Unexpired Leases Potentially to be Assumed and Assigned in Connection with Sale of Debtors' Assets* [ECF No. 111] (the "First Supplemental Assumption Notice" and together with the Initial Assumption Notice, collectively, the "Assumption Notices"). The First Supplemental Assumption Notice provided notice by the Debtors of their intent to potentially assume and assign the additional Desired 365 Contracts listed on Exhibit A to the First Supplemental Assumption Notice to the Buyer.

6. The Debtors hereby provide this second supplemental notice of their intent to potentially assume and assign the additional Desired 365 Contract listed on **Exhibit A** hereto to the Buyer. **For the avoidance of doubt, this notice supplements, and does not replace, the Assumption Notices**. The inclusion of any executory contract or unexpired lease on **Exhibit A** hereto does not require or guarantee that such executory contract or unexpired lease will actually be assumed or assigned to the Buyer (*i.e.*, be an Assumed Contract, as such term is defined in the Purchase Agreement).

7. Pursuant to the terms of the Purchase Agreement and Buyer's right to add and/or

remove from **Exhibit A** Desired 365 Contracts prior to and after the Closing Date (defined below), the Debtors may seek to assume and assign one or more of the Desired 365 Contracts to the Buyer, subject to approval at the hearing to be held before the Court **on Wednesday, November 20, 2024 at 11:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 7, Miami, Florida 33128** (the "Sale Hearing"). The Sale Hearing may be adjourned without notice other than adjournment in open court or as identified on the agenda, and for the avoidance of any doubt, the Sale Hearing is subject to the right of the Debtors, in the reasonable exercise of their business judgment, to adjourn the Sale Hearing to a later date with the consent of the Buyer, and KKR Loan Administration Services LLC (the "DIP Agent"), which consent shall not be unreasonably withheld, subject to the availability of the Court. On the date of the closing of the transactions contemplated by the Purchase Agreement (as such term is defined in the Purchase Agreement, the "Closing Date"), or as soon thereafter as is reasonably practicable and in accordance with the terms of the Purchase Agreement and the Sale Order, the Debtors or the Buyer, as applicable, will pay the amount the Debtors' records reflect is owing for prepetition arrearages, if any, as set forth on **Exhibit A** hereto (as such term is defined in the Purchase Agreement, the "Cure Costs"). The Debtors' records reflect that all postpetition amounts owing under the Desired 365 Contracts have been paid and will continue to be paid until an assumption and assignment, if any, of a Desired 365 Contract, and that, other than the Cure Costs, there are no other defaults under any of the Desired 365 Contracts.

8.  **Objections, if any, to the Cure Costs or to the assumption and assignment of a Desired 365 Contract to the Buyer, including with respect to adequate assurance of future performance of the Buyer (collectively, a "Contract Objection"), must: (a) be in writing; (b) state the basis of such objection with specificity, including, if applicable, the Cure Costs asserted to be required; (c) include appropriate documentation thereof; (d) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (e) be filed with the Court on or before 4:00 p.m. (prevailing Eastern Time) on Wednesday, November 13, 2024 (the "Contract Objection Deadline"); and (e) be served, so as to be received the same day as such Contract Objection is filed, upon**: (1) *the Debtors*, c/o (i) the Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn: Nicholas K. Campbell, nick@wearemeru.com); and (ii) *the proposed bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq. (cjarvinen@bergersingerman.com) and Samuel Capuano, Esq. (scapuano@bergersingerman.com); (2) *counsel for the Buyer*, Laurence Frazen, Esq. (larry.frazen@bclplaw.com) and Michael Goldberg, Esq. (michael.goldberg@akerman.com); (3) *counsel for the DIP Agent and DIP Lenders* (a) Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110 (Attn: Charles A. Dale, Esq. (cdale@proskauer.com)) and Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Vincent Indelicato, Esq. (vindelicato@proskauer.com) and Matthew R. Koch, Esq. (mkoch@proskauer.com)) and (b) Trenam Law, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 (Attn: Lara Roeske Fernandez, Esq., LFernandez@trenam.com); (3) *the Office of the United States Trustee*, 51 SW First Avenue, Room 1204, Miami, Florida 33130 (Attn: Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov)); and (4) counsel to any official committee appointed in the Chapter 11 Cases (collectively, the "Objection Notice Parties").

9. If a Contract Objection is timely submitted in accordance with paragraph 8 of this notice, a hearing with respect to the Contract Objection will be held before the Court at the Sale Hearing, or as may be continued by the Debtors and noticed on the agenda filed on the docket, or such date and time as the Court may schedule. **If no objection is timely received, each non-Debtor counterparty to a Desired 365 Contract will be deemed to have consented to the assumption and assignment of the Desired 365 Contract with the Cure Costs set forth herein and the non-Debtor counterparty will forever will be barred from asserting any other claims related to the Desired 365 Contact against the Debtors or the Buyer or the property of any of them, including but not limited to a claim related to the propriety or effectiveness of the assumption and assignment of the Desired 365 Contract**.

10. Pursuant to section 365 of the Bankruptcy Code, the Debtors believe there is adequate assurance of future performance that the Cure Costs set forth on **Exhibit A** hereto will be paid in accordance with the terms of the Purchase Agreement and the Sale Order. There is also adequate assurance of the Buyer's future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Buyer. If necessary, the Debtors will adduce facts at the hearing on any objection demonstrating the financial wherewithal of the Buyer, and its willingness and ability to perform under the Desired 365 Contract to be assumed and assigned to it (*i.e*., the Assumed Contracts).

11. If a Contract Objection to the Cure Costs is timely filed and received and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors. At the Buyer's discretion, and provided the Debtors escrow the disputed portion of the Cure Costs pursuant to the terms of the Purchase Agreement, the hearing regarding the Cure Costs may be continued until after the Closing Date and the Desired 365 Contract(s) subjected to such Cure Costs shall, with the consent of the Buyer, be assumed and assigned to the Buyer at or following the closing of the Sale per the procedures set forth in the Purchase Agreement and the Sale Order.

12. **If no Contract Objection is timely received, the Cure Costs set forth in Exhibit A hereto will be controlling, notwithstanding anything to the contrary in any Desired 365 Contract or any other related document, and each non-Debtor counterparty to the Desired 365 Contracts will be deemed to have consented to the Cure Costs for the purposes of the Sale and will be forever barred from asserting any other claims in respect of such Desired 365 Contract or the Cure Costs against the Debtors, the Buyer, or the property of any of them**. **The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale or the Debtors' consummation of and performance under the Purchase Agreement (including the transfer of the Purchased Assets and the Assumed Contracts free and clear of all claims, liens, encumbrances, and interests), if authorized by the Court**.

13. **Unless a non-Debtor counterparty to any Desired 365 Contract files a timely Contract Objection to the assumption and assignment of the applicable Desired 365 Contract by the Buyer, then such non-Debtor counterparty shall be deemed to have (i) consented to the assumption and assignment of the applicable Desired 365 Contract to the Buyer with the Cure Costs set forth on Exhibit A to this notice and (ii) waived and released any and all other**

4

**rights to object to the Cure Costs or the assumption and assignment of the Desired 365 Contract to the Buyer.**

14. Prior to and after the Closing Date, the Debtors or the Buyer may (i) amend their decision with respect to the potential assumption and assignment of any Desired 365 Contract that has not already been assumed and assigned by the Debtors to the Buyer as a part of the Sale, including amending the Cure Costs, and (ii) provide a new notice amending the information provided in this notice, including, without limitation, a determination by the Debtors not to assume and assign to the Buyer certain of the prepetition executory contracts or leases listed on **Exhibit A** hereto or any new or amended notice.

Dated:  October 25, 2024                                  Respectfully submitted,

                                                                  BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   */s/ Christopher Andrew Jarvinen*
       Paul Steven Singerman
       Florida Bar No. 378860
       singerman@bergersingerman.com
       Christopher Andrew Jarvinen
       Florida Bar No. 021745
       cjarvinen@bergersingerman.com
       Samuel J. Capuano
       Florida Bar No. 90946
       scapuano@bergersingerman.com

**Exhibit "A"**

**Additional List of a Desired 365 Contract and Cure Costs**

**(Note:  The Attached Exhibit "A" Supplements, and Does Not Replace, the Exhibit "A" Attached to Each of the Assumption Notices)**

13281935-12

**CCMC** <span style="color:red">**Subject to Revision**</span>

*Notes:*
*\* Executory Contracts as of 10.24.2024*

| Index # | Debtor/Legal Entity | Nature of the Debtor's Interest | Counterparty Name | Noticing Address | Executory Contract Title | Cure Cost |
|---|---|---|---|---|---|---|
| 352 | MB Medical Operations, LLC | Technology | AT&T Mobility National Accounts LLC (AT&T) | 100 W Cypress Creek Rd Fort Lauderdale, FL 33309 | AT&T Master Agreement by and between MB Medical Operations, LLC and AT&T Mobility National Accounts LLC (AT&T) signed April 7, 2022 with AT&T Corporate Digital Advantage Pricing Schedule with Contract ID 2501334 | $41,640.04 |
| | | | | AT&T Corp. Attn: Master Agreement One AT&T Way Bedminster, NJ 07921-0752 | | |