UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>MBMG HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 24-20576-CLC<br><br>(Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND ESTABLISHING PROCEDURES
TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**(The Debtors respectfully request the Court to schedule a hearing on
this Motion on Wednesday, November 20, 2024 at 11:00 a.m. which is the date
and time that the Court has already scheduled a hearing in these bankruptcy cases)**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing and establishing the procedures contained in the Order (collectively, the "Rejection Procedures")[2] for (i) rejecting prepetition executory contracts and unexpired leases (together with any amendments or modifications thereto, each, a "Contract" or "Lease") and (ii) abandoning personal property in connection with any rejected Lease of non-residential real property, and (b) authorizing and approving the Rejection Notice (as defined in the Order) to each relevant non-Debtor counterparty

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

[2] The Rejection Procedures and any exhibits thereto are incorporated herein by reference.

13338497-10

(each, a "Counterparty") to an affected Contract or Lease, substantially in the form attached to the Order as **Exhibit 1**. In support of this Motion, the Debtors rely upon the *Declaration of Nicholas K. Campbell in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 31] (the "First Day Declaration"),[3] which is incorporated herein by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Motion are sections 105, 363, 365, and 554 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of Florida (as amended, the "Local Rules").

## PROCEDURAL BACKGROUND

4.      On October 13, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly-administered for procedural purposes only.

5.      The Debtors continue to operate their businesses and to manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On November 4, 2024, the Office of the United States Trustee (the "U.S. Trustee") filed a notice on the docket of the Chapter 11 Cases indicating that the U.S. Trustee will not appoint a committee of unsecured creditors [ECF No. 155].

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

13338497-10

7.     As of the date of this Motion, no trustee or examiner has been appointed in these Chapter 11 Cases.

8.     For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

9.     On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Private Sale of Substantially All of the Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens and Interests Except for Permitted Liens and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [ECF No. 29] (the "Sale Motion").

10.     The Sale Motion requests the Court to, among other things, enter an order (the "Sale Order") authorizing the Debtors to enter into and perform under that certain *Asset Purchase Agreement*, dated as of October 12, 2024 (as may be amended or otherwise modified from time to time and including all related instruments, documents, exhibits, schedules, and agreements thereto, collectively, the "Purchase Agreement"), substantially in the form attached to the Sale Motion as Exhibit B, by and among (a) 14 of the Debtors[4] (each, a "Seller" and collectively, "Sellers") and

---

[4] The Sellers are the following Debtors: (i) MB Medical Operations, LLC, (ii) MB Medical Transport, LLC, (iii) Care Center Network, LLC, (iv) Care Center Medical Group, LLC, (v) Clinical Care Pharmacy, LLC, (vi) Florida Family Primary Care Center, LLC, (vii) Florida Family Primary Care Centers of Orlando, LLC, (viii) Florida Family Primary Care Centers of Tampa, LLC, (ix) Florida Family Primary Care Centers of Pasco, LLC, (x) Florida Family Primary Care Centers of Pinellas, LLC, (xi) CCMC Physician Holdings, Inc., (xii) Miami Medical & Wellness Center LLC, (xiii) Miami Beach Medical Centers, Inc. f/k/a Rodolfo Dumenigo, M.D., P.A., and (xiv) Miami Beach Medical Consultants, LLC.

3

(b) Conviva Medical Center Management, LLC, a Delaware limited liability company that is a controlled affiliate of Humana Inc. ("Buyer"), for the private going concern sale of substantially all of the assets of the Sellers (*i.e.*, the Purchased Assets) outside of the ordinary course of business pursuant to the terms of the Purchase Agreement (the "Sale").

11.    On the Petition Date, the Debtors also filed the *Debtors' Expedited Motion Requesting a Scheduling Order to Set the Date and Time of the Sale Hearing, the Objection Deadline, and Granting Related Relief* [ECF No. 25] (the "Scheduling Motion").

12.    The Scheduling Motion requested, among other relief, the entry of an order setting the date and time of the hearing to consider approval of the Sale (the "Sale Hearing"), the deadline for filing and serving objections to the Sale Motion, and related relief.

13.    On October 16, 2024, the Court entered an order [ECF No. 88] (the "Scheduling Order") which, among other things, schedules the Sale Hearing on November 20, 2024 at 11:00 a.m. (prevailing Eastern Time), and sets the related objection deadline of November 13, 2024 at 4:00 p.m. (prevailing Eastern Time), to object to the proposed Sale.

14.    On October 17, 2024, the Debtors filed the initial *Notice of Assumption and Cure Costs with Respect to Executory Contracts or Unexpired Leases Potentially to be Assumed and Assigned in Connection with the Sale of the Debtors' Assets* [ECF No. 95] (the "Initial Assumption Notice"). Among other things, the Initial Assumption Notice lists 266 prepetition executory contracts and leases (as defined in the Purchase Agreement, the "Desired 365 Contracts") that the Buyer may seek to have the Debtors assume and assign to the Buyer as a part of the Sale process (as defined in the Purchase Agreement, the "Assumed Contracts").

15.    On October 23, 2024, the Debtors filed the *First Supplemental Notice of Assumption and Cure Costs with Respect to Executory Contracts or Unexpired Leases Potentially*

*to be Assumed and Assigned in Connection with the Sale of the Debtors' Assets* [ECF No. 111] (the "First Supplemental Assumption Notice").  Among other things, the First Supplemental Assumption Notice lists 84 additional Desired 365 Contracts that the Buyer may seek to become Assumed Contracts as a part of the Sale process.

16.     On October 25, 2024, the Debtors filed the *Second Supplemental Notice of Assumption and Cure Costs with Respect to Executory Contracts or Unexpired Leases Potentially to be Assumed and Assigned in Connection with the Sale of the Debtors' Assets* [ECF No. 116] (the "Second Supplemental Assumption Notice").  Among other things, the Second Supplemental Assumption Notice lists one additional Desired 365 Contract that the Buyer may seek to become an Assumed Contract as a part of the Sale process.

17.     If the Sale Motion is approved by the Court, the Purchase Agreement provides the Buyer, subject to certain conditions, a period of up to 90 days after the closing date of the Sale to determine which Desired 365 Contracts the Buyer will request the Debtors to assume and assign to the Buyer (*i.e.*, Assumed Contracts).  *See* Purchase Agreement, ¶ 2.3(b).

18.     All Desired 365 Contracts which do not become Assumed Contracts are deemed to be "Excluded Contracts" in the Sale (as such term is defined in the Purchase Agreement).  *See* Purchase Agreement, ¶¶ 2.1(b)(x) and 2.3(b)(iii).

19.     The Debtors intend to seek immediate rejection of all Desired 365 Contracts that are "Excluded Contracts" (*i.e.*, do not become Assumed Contracts as a part of the Sale).

## **RELIEF REQUESTED**

20.     By this Motion, the Debtors respectfully request the entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in

connection with any rejected Lease of non-residential real property, and (b) authorizing and approving the Rejection Notice (as defined in the Order) to each relevant Counterparty to an affected Contract or Lease, substantially in the form attached to the Order as **Exhibit 1**.[5]

## THE REQUESTED RELIEF SHOULD BE GRANTED

**A.    Implementing Rejection Procedures Represents an Appropriate Exercise of the Debtors' Business Judgment**

21.    Section 365(a) of the Bankruptcy Code allows a debtor, subject to the approval of the bankruptcy court, to assume or reject any executory contract or unexpired lease. *See, e.g.*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, No. 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).  A debtor's decision to assume or reject an executory contract or unexpired lease is subject to the "business judgment" test.  *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005).

22.    In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired executory contract or lease. *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 374 (2019); *see also In re Colony Beach & Tennis Club Ass'n, Inc.*, No. 8:09-cv-535-T-33, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of the debtor unless the debtor's

---

[5]  As described below, the Rejection Procedures allow for the simultaneous rejection of multiple Contracts and Leases, such that it is conceivable that a Counterparty may be party to multiple Contracts or Leases on the Rejection Notice. As such, all references in this Motion or the Order to a Contract or Lease (or terms related thereto) in the singular shall include the plural as well, and *vice versa*.

6

decision is so manifestly unreasonable that it must be based upon bad faith, whim or caprice.") (citation omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (explaining that "except in extraordinary circumstances," court approval of a debtor's decision to assume or reject an unexpired executory contract or lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired executory contract or lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

23.    The ability to reject burdensome unexpired leases and executory contracts is an important tool provided to debtors under the Bankruptcy Code. Here, the rejection of a Contract or Lease which does not become an Assumed Contract during the Sale process constitutes an exercise of the Debtors' sound business judgment. As a part of the Sale process, it is critical that the Debtors have the ability to take quick action to shed burdensome Contracts and Leases which do not become Assumed Contracts. The liabilities associated with such Contracts or Leases far outweigh the benefit that such Contracts or Leases could theoretically provide to the Debtors' estates because, after the Sale closes and the Debtors' business transitions to the Buyer, the Debtors will no longer have an operating business, and therefore, the Debtors will no longer require the goods and services provided by such Contracts and Leases. Accordingly, with respect to the Debtors' Contracts and Leases that do not become Assumed Contracts, rejection would be an appropriate exercise of the Debtors' business judgment. In addition, the Rejection Procedures will provide clarity and uniformity as to the procedures that will govern most rejections in these Chapter 11 Cases.

24.    The streamlined Rejection Procedures will greatly maximize efficiency and, by

13338497-10

extension, value in the Chapter 11 Cases.  Absent the relief requested in this Motion, the Debtors would be required to file serial, stand-alone motions each time they want to reject one or multiple Contracts or Leases.  This would require the Debtors to needlessly expend their limited resources, to the detriment of the Debtors and all other stakeholders in the Chapter 11 Cases, and would be burdensome for the Court and its staff as well.

25.     Accordingly, the Debtors believe that establishing orderly procedures for the rejection of the Contracts and Leases would streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, and all other parties in interest, thereby (a) maximizing the value of the Debtors' estates for the benefit of all stakeholders and (b) preserving the due process rights of Counterparties and other parties-in-interest.  The Rejection Procedures are designed to, among other things, (a) outline the process by which the Debtors will serve notice to Counterparties regarding the prospective rejection of their Contracts or Leases, which notice would include pertinent information relating thereto (*e.g.*, the effective date of the rejection, the "Rejection Date"), (b) establish objection and other relevant deadlines and the manner for resolving disputes relating to the Debtors' proposed rejection, and (c) eliminate the necessity for a hearing with respect thereto.

**B.      Retroactive Relief May Be Sought Where Appropriate**

26.     Under sections 365(a) and 105(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case.  *See, e.g., In re SVB Financial Group*, Case No. 23-10367(mg), 2023 WL 3513360, at * 3-4 (Bankr. S.D.N.Y. May 17, 2023) (granting retroactive rejection of contracts and leases); *In re Extraction Oil & Gas*, 622 B.R. 608, 630-631 (Bankr. D. Del. 2020) (granting retroactive rejection, in part, where contacts to be rejected were no longer beneficial to the estates);

*In re Colony Beach & Tennis Club Ass'n, Inc*., Case No. 8:09-cv-535-T-33, 2010 WL 7467608, at *5 (M.D. Fla. Mar. 2, 2010) (affirming bankruptcy court's approval of debtor's request to retroactively reject a recreational facilities lease); *In re Manis Lumber Co*., 430 B.R. 269, 277-278 (Bankr. N.D. Ga. 2009) (approving retroactive rejection of a commercial lease); *see also Thinking Machs. Corp*. v. *Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (noting that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Pac. Shores Dev., LLC* v. *At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065-71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

27.    Approval of the retroactive relief contemplated in the Rejection Procedures is warranted based on a balancing of the equities.  Generally, the Debtors will only seek to reject those Contracts and Leases where the Buyer has made a final decision that a particular Contract or Lease, which is a part of the group of Desired 365 Contracts, is not to become an Assumed Contract.  Additionally, the Debtors may also seek to reject other Contracts and Leases which are not a part of the group of Desired 365 Contracts where the Debtors have ceased receiving any benefit under the terms of the Contracts or Leases prior to the date the Debtors gave the rejection counterparty notice of the Debtors' intent to reject the Contract or Lease.  Each Contract and Lease included on a Rejection Notice will include a proposed Rejection Date and each Counterparty will be afforded notice of the proposed rejection and an opportunity to object.  Accordingly, the Debtors respectfully submit that retroactive relief, where appropriate and subject to the rights of the affected Counterparties to object to the proposed Rejection Dates, should be approved by the Court.

**C.    The Rejection Procedures Provide Interested Parties with Reasonable and Sufficient Notice and Opportunity to Object and Be Heard**

28.    The Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules.  "A proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by [Bankruptcy] Rule 9014."  Bankruptcy Rule 6006(a).  Bankruptcy Rule 9014 provides that:  "In a contested matter . . . , not otherwise governed by [the Bankruptcy Rules], relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Bankruptcy Rule 9014(a).  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").  The Rejection Procedures provide for notice to Counterparties and an opportunity to be heard at a hearing, and thus satisfy the requirements of Bankruptcy Rules 6006(a) and 9014.

29.    Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject (or assume or assume and assign) multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* Bankruptcy Rule 6006(e).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to reject (or assume or assume and assign) multiple executory contracts or unexpired leases must satisfy.  These requirements are procedural in nature.  Specifically, a motion to reject (or assume or assume and assign) multiple executory contracts or unexpired leases that are not between the same parties shall:

  a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

  b.    list parties alphabetically and identify the corresponding contract or lease;

c.      specify the terms, including the curing of defaults, for each requested assumption or assignment;

d.      specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

e.      be numbered consecutively with other omnibus motions to assume and assign or reject executory contracts or unexpired leases; and

f.      be limited to no more than 100 executory contracts or unexpired leases. Fed. R. Bankr. P. 6006(f).

30.     The Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Contracts and Leases.  The Rejection Procedures afford rejection Counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover, Court oversight is maintained in the event of an objection.  Furthermore, Counterparties will be able to locate their Contracts and Leases on the Rejection Notices because Counterparties will be listed alphabetically and identify the corresponding contract.  Moreover, the Debtors will be serving the Rejection Notice on, among other parties, the affected Counterparty, counsel to the DIP Lenders[6] and DIP Agent,[7] and the U.S. Trustee (collectively, the "Objection Service Parties"), thereby preserving the due process rights of the key parties in interest in these Chapter 11 Cases.

31.     Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a);  *In re Ranch House of Oranze-Brevard, Inc.*,

---

[6]  As such term is defined in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [ECF No. 167] (the "Final DIP Order").

[7]  As such term is defined in the Final DIP Order.

773 F.2d 1166, 1169 (11th Cir. 1985) (noting that bankruptcy courts have broad equitable power to carry out the provisions of the Bankruptcy Code).

32.     Finally, courts have routinely granted relief similar to that requested herein. *See, e.g., In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. Oct. 9, 2024) [ECF No. 461]; *In re DRF Logistics, LLC*, Case No. 24-90447 (CML) (Bankr. S.D. Tex. Sept. 16, 2024) [ECF No. 233]; *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. July, 29, 2024) [ECF No. 337]; *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 14, 2023) [ECF No. 550]; *In re Rockport Co., LLC*, No. 23-10774 (BLS) (Bankr. D. Del. July 12, 2023) [ECF No. 189]; *In re Agway Farm & Home Supply, LLC*, No. 22-10602 (JKS) (Bankr. D. Del. Dec. 20, 2022) [ECF No. 406]; *In re Clarus Thera. Holdings, Inc.*, No. 22-10845 (MFW) (Bankr. D. Del. Oct. 27, 2022) [ECF No. 208]; *In re Patriot Coal Corp.*, Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. Aug. 15, 2012) [ECF No. 370]; *In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Mar. 15, 2012) [ECF No. 566].

33.     Based on the foregoing, the Debtors respectfully submit that the Rejection Procedures are fair, reasonable, and in the best interests of the Debtors and their estates and stakeholders and, therefore, should be approved.

**D.      Abandonment of Remaining Property in Premises of Rejected Leases of Non-Residential Real Property Should be Approved**

34.     The Debtors also request authority to abandon, on a Rejection Date, any remaining personal property at the premises covered by a Lease of non-residential real property that the Debtors determine is not necessary for their liquidation and too difficult to remove or expensive to store.  With respect to such property, the economic benefits of removing or storing such remaining property would be outweighed by the attendant costs.  To the best of the Debtors'

knowledge, the abandonment of such personal property would not be in violation of any state or local statutes or regulations reasonably designed to protect the public health or safety.

35.     Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated to accept onerous or unprofitable property surrendered as part of the estate, . . . and may abandon property that is 'burdensome' or 'of inconsequential value and benefit' under § 554 of the Code.") (citations omitted).  The right to abandon property is virtually unfettered, unless (i) abandonment of the property will contravene laws designed to protect public health and safety or (ii) the property poses an actual, imminent and identifiable, threat to the public's welfare.  *See Midlantic Nat'l Bank* v. *New Jersey Dep't of Envt'l Prot.*, 474 U.S. 494, 501 (1986); *see also In re Veneco, LLC*, 572 B.R. 105, 114-116 (Bankr. D. Del. 2017) (discussion of *Midlantic Nat'l Bank*).  Neither of these limitations is relevant here.

36.     The Debtors submit that any personal property left at the locations covered by rejected Leases of non-residential real property are likely of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling such property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property.  However, subject to applicable law, the Debtors would not abandon personal property unless, in the Debtors' reasonable business judgment, the sale of the asset would not generate enough net value for the Debtors' estates.

37.     The Debtors also request modification of the noticing procedures related to abandoning such personal property.  Bankruptcy Rule 6007 affords the Court discretion in limiting

notice and the time for filing objections in connection with the abandonment of property. The Debtors submit that strict compliance with Bankruptcy Rule 6007(a) in connection with the abandonment of property located on premises governed by a rejected Lease of non-residential real property (*i.e.*, requiring notice be given to all creditors) would be unnecessarily expensive and time consuming and would not provide any incremental benefit to the Debtors' estates or creditors. Furthermore, the Debtors submit that the proposed deadline to file an objection to the abandonment of assets should be sufficient and should not otherwise prejudice the rights of any party in interest. As such, the Debtors request that the Court limit notice and objection deadlines under Bankruptcy Rule 6007, as set forth in the proposed Order, and otherwise approve the abandonment procedures set forth in the Rejection Procedures.

38.     Accordingly, abandonment of the personal property at the premises covered by rejected Leases of non-residential real property should be approved and the noticing process reflected in Bankruptcy Rule 6007 should be modified as reflected in the Rejection Procedures.

## COMPLIANCE WITH BANKRUPTCY RULE 6004(A) AND WAIVER OF BANKRUPTCY RULES 4001(A)(3), 6004(H), AND 6006(D)

39.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.  The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by (a) Bankruptcy Rule 4001(a)(3), which provides that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise," Bankruptcy Rule 4001(a)(3), and (b) Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Bankruptcy Rule 6004(h).  Accordingly, the

13338497-10

Debtors respectfully submit that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rules 4001(a)(3) and 6004(h).

**WHEREFORE,** the Debtors respectfully request that the Court grant this Motion and enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) approving (a) the Rejection Procedures, and (b) the abandonment of personal property pursuant to the Rejection Procedures, and (ii) granting such other relief as is just and proper.

Dated:  November 11, 2024.

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Debtors and*
*Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/ Christopher Andrew Jarvinen*
      Paul Steven Singerman
      Florida Bar No. 378860
      singerman@bergersingerman.com
      Christopher Andrew Jarvinen
      Florida Bar No. 021745
      cjarvinen@bergersingerman.com
      Samuel J. Capuano
      Florida Bar No. 90946
      scapuano@bergersingerman.com

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MBMG HOLDING, LLC, *et al.*,[1]

       Debtors.

Chapter 11 Cases

Case No. 24-20576-CLC

(Jointly Administered)

**ORDER GRANTING
MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND ESTABLISHING PROCEDURES
TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

      **THIS MATTER** having come before the Court for a hearing on November [•], 2024, at

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144.  The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

[•] a.m./p.m. in Miami, Florida (the "Hearing") upon the *Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* [ECF No. __] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  The Motion seeks entry of an order authorizing and establishing procedures contained in this Order to reject prepetition executory contracts and unexpired leases (each, a "Contract" or "Lease").  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were appropriate under the circumstances and no other or further notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not required, to reject Contracts and Leases in accordance with the following procedures (collectively, the "Rejection Procedures"):

> (a)      **Rejection Notice.**  To reject Contracts and Leases in accordance with section 365 of the Bankruptcy Code and this Order, the Debtors shall file one or more notices, substantially in the form attached hereto as **Exhibit 1** (each, a "Rejection Notice"), that includes a form of a proposed order, such

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

as in the form attached as **Schedule 2** to the Rejection Notice (the "Rejection Order"), authorizing the rejection of such Contract(s) or Lease(s) effective as of the Rejection Date (defined below) (or such other date to which the Debtors and the applicable Counterparty agree or as ordered by the Court); and sets forth: (i) the Contracts or Leases to be rejected; (ii) the Debtor(s) party to such Contract or Lease; (iii) the names and addresses of the Counterparties to such Contract or Lease; (iv) the Rejection Date; and (v) with respect to Leases of non-residential real property, the physical address of the leased premises and the personal property to be abandoned, if any. The Rejection Notice shall also set forth the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). Each Rejection Notice may list multiple Contracts and Leases.

(b) **Rejection Date.** The rejection date for any Contract or Lease shall be the date set forth in the schedule of rejected Contracts or Leases annexed to such Rejection Notice; *provided*, *however*, that the rejection date for the Leases of non-residential real property shall be the earlier of (i) the Debtors' unequivocal surrender of the premises covered by the Lease *via* the delivery of the keys, key codes, and alarm codes to the premises covered by the Lease, each as applicable, to the applicable landlord, by notifying the affected landlord in writing, with email being sufficient, and (ii) in the absence of delivering such keys and codes, providing written notice, with email being sufficient, to the affected landlord that such landlord may enter and re-let the premises covered by the Lease (the "Rejection Date").

(c) **Service of Rejection Notice.** The Debtors shall cause the Rejection Notice to be filed and served by overnight mail (and electronic mail, if known) upon: (i) the Counterparties (and their counsel of record, if known) to each affected Contact or Lease; (ii) counsel to the DIP Lender and DIP Agent, (a) Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110 (Attn: Charles A. Dale, Esq. (cdale@proskauer.com)) and Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Vincent Indelicato, Esq. (vindelicato@proskauer.com) and Matthew R. Koch, Esq. (mkoch@proskauer.com)) and (b) Trenam Law, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 (Attn: Lara Roeske Fernandez, Esq., LFernandez@trenam.com); (iii) the U.S. Trustee, 51 SW First Avenue, Room 1204, Miami, Florida 33130 (Attn: Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov) and Nicole Manriquez, Esq. (nicole.manriquez@usdoj.gov)).

(d) **Objection Procedures.** Parties objecting to a proposed rejection of a Contract or Lease must file a written objection in English setting forth the legal and factual bases for such objection and comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules (a "Rejection Objection") so that the Rejection Objection is filed with the Court and is actually received no later than ten (10) days after the Debtors serve the relevant Rejection Notice (the "Rejection Objection Deadline"). The Rejection Objection Deadline

3

may be extended with respect to a particular Contract or Lease by the Debtors upon written notice to the applicable Counterparty (email being sufficient), in consultation with the DIP Lenders.. A Rejection Objection will be considered timely only if, on or prior to the Rejection Objection Deadline, it is filed with the Court and actually received by each of the following: (1) *the Debtors*, c/o (i) the Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St. NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn: Nicholas K. Campbell, nick@wearemeru.com); and (ii) *the bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq. (cjarvinen@bergersingerman.com) and Samuel Capuano, Esq. (scapuano@bergersingerman.com); (2) *counsel for the Buyer*, Laurence Frazen, Esq. (larry.frazen@bclplaw.com) and Michael Goldberg, Esq. (michael.goldberg@akerman.com); (3) *counsel for the DIP Agent and DIP Lenders*, (a) Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110 (Attn: Charles A. Dale, Esq. (cdale@proskauer.com)) and Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Vincent Indelicato, Esq. (vindelicato@proskauer.com) and Matthew R. Koch, Esq. (mkoch@proskauer.com)) and (b) Trenam Law, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 (Attn: Lara Roeske Fernandez, Esq., LFernandez@trenam.com); (3) *the Office of the United States Trustee*, 51 SW First Avenue, Room 1204, Miami, Florida 33130 (Attn: Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov) and Nicole Manriquez, Esq. (nicole.manriquez@usdoj.gov)); and (4) if the objecting party is not the Counterparty to the Contract or Lease, then upon the affected Counterparty to such Contract or Lease (collectively, the "Objection Service Parties"). For the avoidance of doubt, a Rejection Objection to a particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to any other Contract or Lease listed on such Rejection Notice, unless otherwise specified in the objection. For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Lease of non-residential real property, or *vice versa*, only the component actually objected to shall be considered opposed.

(e) **No Objection/Unresolved Objection**. If no Rejection Objection is filed and served by the Rejection Objection Deadline, or there is no outstanding and unresolved Rejection Objection pending, by the Rejection Objection Deadline, including to the proposed abandonment of any abandoned property located at the premises of a Lease of non-residential real property, the Debtors shall upload with the Court a proposed Rejection Order for entry by the Court, such as in the form of the order attached as **Schedule 2** to the Rejection Notice, and upon entry of such order, each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date appearing thereon, or such other date as the

4

Debtors and the Counterparty or Counterparties to such Contract or Lease agree, in consultation with the DIP Lenders.

(f) **Unresolved Timely Objection.**  If one or more Rejection Objections is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall obtain a hearing date from the Court to consider the rejection of the Contract or Lease implicated by such Rejection Objection(s).  If any such Rejection Objection is overruled or withdrawn, the Contract(s) or Lease(s) that are the subject of such Rejection Objection shall be rejected as of the Rejection Date(s) set forth in the Rejection Notice or such other date as agreed by the parties, in consultation with the DIP Lenders, or determined by the Court as set forth in any order overruling such Rejection Objection.

(g) **Application of Deposits.**  If the Debtors have deposited monies with a Counterparty to a Contract or Lease as a security deposit or other similar arrangement, such Counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of the Court or the consent of the Debtors and the DIP Lenders.

(h) **Abandoned Property**.  Subject to the terms of this Order, the Debtors are authorized at any time on or after the applicable Rejection Date, with the consent of the DIP Lenders, to abandon any of the Debtors' property that may be located on the premises covered by a Lease of non-residential real property.  The Debtors shall briefly, generally describe the abandoned personal property in the Rejection Notice.  Absent a timely Rejection Objection, the property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the applicable Rejection Date. Landlords may, in their sole discretion and without further order of the Court, utilize, or dispose of the Debtors' property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

(i) **Rejection Damages.** **Any claims arising out of the rejection of a Contract or Lease, or the abandonment of any personal property in connection therewith, must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases,**[3] **and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the later of (a) the date of the entry of the order compelling or approving the rejection of any Contract or Lease (such as in the form of the order attached as Schedule 2 to the Rejection Notice), and (b) the**

---

[3] Please see the *Order Granting Debtors' Expedited Motion (i) Establishing a General Bar Date to File Proofs of Claim, (ii) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (iii) Establishing an Amended Schedules Bar Date, (iv) Establishing a Rejection Damages Bar Date, (v) Approving the Form of, and Procedures for, Filing Proofs of Claim, (vi) Approving the Form and Manner of Notice of the Commencement of the Chapter 11 Bankruptcy Cases (a/k/a the Bar Date Notice), and (vii) Granting Related Relief*, dated October 17, 2024 [ECF No. 98] (the "Bar Date Order").

**effective date of the rejection of a Contract or Lease.  Any person or entity that fails to timely file such proof of claim (i) shall not, with respect to such claim, be treated as a creditor of the Debtors with respect to such claim for the purposes of voting on a chapter 11 plan and/or distributions in these Chapter 11 Cases on account of such claim, and (ii) shall be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors, their estates, and their property (or thereafter filing a proof of claim with respect thereto)**.

(j)    **Return of Leased Property.**  Personal property that is subject to Contracts or Leases that are rejected pursuant to these Rejection Procedures will be made available to each applicable lessor "as is, where is," and the Debtors will negotiate in good faith with each applicable lessor to determine a mutually convenient date and time for the applicable lessor to retrieve its personal property.  The Debtors make no representation or warranty regarding the condition or state of title of such property.  If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable.  For the avoidance of doubt, if any personal property subject to a Contract or Lease remains (i) in the Debtors' possession or (ii) at any premises covered by a Lease of non-residential real property which has been rejected by the terms of this Order, after the later of the Rejection Date for such Contract or Lease or other date agreed to between the Debtors and the applicable lessor as set forth in this subparagraph, in consultation with the DIP Lenders, such property shall be deemed abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code, the Debtors shall not be liable for any use or disposal of such remaining property.

(k)    **Modifications of Rejection Notice.**  The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the later of the Rejection Date and the date of entry of an order of the Court related to such rejection, as applicable, in consultation with the DIP Lenders, by filing a modified Rejection Notice with the Court.

3.    The Debtors' rejection of the Contracts and Leases in accordance with the Rejection Procedures is hereby **APPROVED** and effective pursuant to section 365 of the Bankruptcy Code.

4.    The forms of the Rejection Notice and related schedules, including but not limited to the form of the Rejection Order, are hereby **APPROVED**.

5.    Approval of the Rejection Procedures and this Order shall not prevent the Debtors from seeking to reject a Contract or Lease by a separate court filing (*e.g.*, a motion, stipulation, or

6

chapter 11 plan), nor, for the avoidance of doubt, shall the Debtors be precluded from assuming and assigning a Contract or Lease by a separate court filing (*e.g*., Sale motion, other motions, etc.).

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Contract or Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

7.      Notwithstanding the relief granted herein and any actions taken hereunder (including under the Rejection Procedures), nothing contained herein shall (a) create, nor is it intended to create any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

8.      Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, basis for, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

9.      This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

10.     The notice requirements of Bankruptcy Rule 6007, to the extent applicable, are modified and the Debtors are authorized to provide notice per the Rejection Procedures.

11.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Submitted by:
Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  cjarvinen@bergersingerman.com

(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

13338497-10

**<u>Exhibit 1 to the Order</u>**

**Form of Rejection Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>MBMG HOLDING, LLC, *et al.*,[1]<br><br>　　　Debtors. | Chapter 11 Cases<br><br>Case No. 24-20576-CLC<br><br>(Jointly Administered) |

**[NUMBER] NOTICE OF REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS
> NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND
> CONTRACTS OR LEASES LISTED ON SCHEDULE 1 ANNEXED
> HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

　　　**PLEASE TAKE NOTICE** that, on October 13, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court"). The Debtors' chapter 11 cases are being jointly administered under the lead case *In re MBMG Holding, LLC, et al.*, No. 24-20576-CLC) (the "Chapter 11 Cases").

　　　**PLEASE TAKE FURTHER NOTICE** that, on November [•], 2024 the Court entered the *Order Granting Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* [ECF No. [•]] (the "Rejection Procedures Order") that, among other things, granted the relief requested in the *Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* [ECF No. [•]] (the "Motion"), including authorizing and establishing procedures for the rejection of Contracts and Leases and the abandonment of certain property in connection therewith (collectively, as defined in the Rejection Procedures Order, the Rejection Procedures"). Electronic versions of the Rejection Procedures Order and Motion may be found at https://dm.epiq11.com/case/ccmc/info.

　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Rejection Procedures Order, the Debtors hereby give notice (this "Rejection Notice"), of their intent to reject the Contracts and Leases

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

set forth on the schedule annexed hereto as **Schedule 1**, effective as of the date set forth in the schedule of rejected Contracts and Leases annexed hereto as **Schedule 1**; *provided*, *however*, that the rejection date for the Leases of non-residential real property shall be the earlier of (i) the Debtors' unequivocal surrender of the premises covered by the Lease *via* the delivery of the keys, key codes, and alarm codes to the premises covered by the Lease, each as applicable, to the applicable landlord, by notifying the affected landlord in writing, with email being sufficient, and (ii) in the absence of delivering such keys and codes, providing written notice, with email being sufficient, to the affected landlord that such landlord may enter and re-let the premises covered by the Lease (the "Rejection Date")[2] set forth therein or such other date as the Debtors and the applicable Counterparty agree. The Debtors, subject to the consent of the DIP Lenders, intend to abandon their property remaining in or on the property that is the subject of Leases of non-residential real property appearing on **Schedule 1** annexed hereto. Pursuant to the terms of the Rejection Procedures Order, the landlord shall be entitled to dispose of such abandoned personal property without further notice or order from this Court and without liability for such disposal.

       **PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed rejection of any of the Contracts or Leases on **Schedule 1** attached hereto must file and serve a written objection (a "Rejection Objection") so that such Rejection Objection is filed with the Court on the docket of the Chapter 11 Cases and that the following parties actually receive such objection no later than [•] [•], [•] (the "Rejection Objection Deadline"): (1) *the Debtors*, c/o (i) the Chief Restructuring Officer, MERU, LLC, 1175 Peachtree St NE, Building 100 Suite 1000, Atlanta, GA 30361 (Attn: Nicholas K. Campbell, nick@wearemeru.com); and (ii) *the bankruptcy counsel for the Debtors*, Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Paul Steven Singerman, Esq. (singerman@bergersingerman.com), Jordi Guso, Esq. (jguso@bergersingerman.com), Christopher Andrew Jarvinen, Esq. (cjarvinen@bergersingerman.com) and Samuel Capuano, Esq. (scapuano@bergersingerman.com); (2) *counsel for the Buyer*, Laurence Frazen, Esq. (larry.frazen@bclplaw.com) and Michael Goldberg, Esq. (michael.goldberg@akerman.com); (3) *counsel for the DIP Agent and DIP Lenders* (a) Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110 (Attn: Charles A. Dale, Esq. (cdale@proskauer.com)) and Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Vincent Indelicato, Esq. (vindelicato@proskauer.com) and Matthew R. Koch, Esq. (mkoch@proskauer.com)) and (b) Trenam Law, 101 E Kennedy Boulevard, Suite 2700, Tampa, FL 33602 (Attn: Lara Roeske Fernandez, Esq., LFernandez@trenam.com); (3) *the Office of the United States Trustee*, 51 SW First Avenue, Room 1204, Miami, Florida 33130 (Attn: Nathan A. Wheatley, Esq. (nathan.a.wheatley@usdoj.gov) and Nicole Manriquez, Esq. (nicole.manriquez@usdoj.gov)); and (4) if the objecting party is not the Counterparty to the Contract or Lease, then upon the affected Counterparty to such Contract or Lease (collectively, the "Objection Service Parties"). Please note that the Rejection Objection Deadline may be extended with respect to a particular Contract or Lease by the Debtors upon written notice to the applicable Counterparty (email being sufficient), upon consultation with the DIP Lenders.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Rejection Procedures Order, as applicable. Copies of the Motion, Rejection Procedures Order and Bar Date Order (defined herein), as well as additional information about the Chapter 11 Cases, can be accessed on the case information website for the Chapter 11 Cases located at https://dm.epiq11.com/case/ccmc/info. If you have any questions, please contact, Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent, at CCMCInfo@epiqglobal.com. For the avoidance of doubt, Epiq Corporate Restructuring, LLC cannot provide legal advice.

13338497-10

**PLEASE TAKE FURTHER NOTICE** that, each Rejection Objection must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (c) state, with specificity, the legal and factual bases thereof.

**PLEASE TAKE FURTHER NOTICE** that, if no Rejection Objection is timely filed and served in compliance with the foregoing, the Debtors shall upload with the Court a proposed order, substantially in the form attached hereto as **Schedule 2** (the "Rejection Order"), authorizing the rejection of any such Contract(s) or Lease(s) listed on **Schedule 1** attached hereto, effective as of the individual Rejection Date(s) reflected thereon (or such other date to which the Debtors and the applicable counterparty to such Contract(s) or Lease(s) agree, upon consultation with the DIP Lenders).

**PLEASE TAKE FURTHER NOTICE** that, if a Rejection Objection is properly and timely filed and served in compliance with the foregoing, and not withdrawn or resolved, the Debtors shall obtain a hearing date from the Court to consider the rejection of the Contract or Lease implicated by such Rejection Objection(s). If any such Rejection Objection is overruled or withdrawn, the Contract(s) or Lease(s) that are the subject of such Rejection Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties, upon consultation with the DIP Lender, or determined by the Court as set forth in any order overruling such Rejection Objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a Counterparty to a Contract or Lease as a security deposit or other similar arrangement, such Counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of this Court or the consent of the Debtors and the DIP Lenders.

**PLEASE TAKE FURTHER NOTICE** that, absent timely Rejection Objection, any property of the Debtors that is listed and described in **Schedule 1** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that personal property that is subject to Contracts or Leases (other than Leases of non-residential real property) will be made available to each applicable lessor "as is, where is," and the Debtors will negotiate in good faith with each applicable lessor to determine a mutually convenient date and time for the applicable lessor to retrieve its personal property. The Debtors make no representation or warranty regarding the condition or state of title of such property. If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable. For the avoidance of doubt, if any personal property subject to a Contract or Lease remains (i) in the Debtors' possession or (ii) at any premises covered by a Lease of non-residential real property which has been rejected by the terms of this Order, after the later of the Rejection Date for such Contract or Lease or other date agreed to between the Debtors and the applicable lessor as set forth in this subparagraph, in consultation with the DIP Lenders, such property shall be deemed abandoned by the Debtors (subject to the consent of the DIP Lenders) pursuant to section 554 of the Bankruptcy Code, and the Debtors shall not be liable for any use or disposal of such remaining property.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the later of the

3

Rejection Date and the date of entry of an order of the Court related to such rejection, as applicable, in consultation with the DIP Lenders, by filing a modified Rejection Notice with the Court.

**PLEASE TAKE FURTHER NOTICE THAT, <u>TO THE EXTENT YOU WISH TO ASSERT A CLAIM WITH RESPECT TO THE REJECTION OF YOUR CONTRACT OR LEASE, YOU MUST DO SO BY THE LATER OF (I) THE DEADLINE FOR FILING PROOFS OF CLAIM ESTABLISHED IN THE CHAPTER 11 CASES,[3] AND (II) 5:00 P.M. (PREVAILING EASTERN TIME) ON THE DATE THAT IS THIRTY (30) DAYS FOLLOWING THE LATER OF (A) THE DATE OF THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF ANY CONTRACT OR LEASE AND (B) THE EFFECTIVE DATE OF THE REJECTION OF A CONTRACT OR LEASE. ANY PERSON OR ENTITY THAT FAILS TO TIMELY FILE SUCH PROOF OF CLAIM (I) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON A CHAPTER 11 PLAN AND/OR DISTRIBUTIONS IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (II) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST EACH OF THE DEBTORS, THEIR ESTATES, AND THEIR PROPERTY (OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO).</u>**

*[Remainder of page intentionally left blank]*

---

[3] Please see the *Order Granting Debtors' Expedited Motion (i) Establishing a General Bar Date to File Proofs of Claim, (ii) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (iii) Establishing an Amended Schedules Bar Date, (iv) Establishing a Rejection Damages Bar Date, (v) Approving the Form of, and Procedures for, Filing Proofs of Claim, (vi) Approving the Form and Manner of Notice of the Commencement of the Chapter 11 Bankruptcy Cases (a/k/a the Bar Date Notice), and (vii) Granting Related Relief*, dated October 17, 2024 [ECF No. 98] (the "<u>Bar Date Order</u>").

4

Dated: _____ __, ____

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Debtors and*
*Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   */s/ Christopher Andrew Jarvinen*
        Paul Steven Singerman
        Florida Bar No. 378860
        singerman@bergersingerman.com
        Christopher Andrew Jarvinen
        Florida Bar No. 021745
        cjarvinen@bergersingerman.com
        Samuel J. Capuano
        Florida Bar No. 90946
        scapuano@bergersingerman.com

13338497-10

## Schedule 1

## Schedule of Rejected Contracts and Leases

**A.    Contracts and Leases Other than Non-Residential Real Property Leases**

| # | Debtor Entity | Title/Description of Contract or Lease | Non-Debtor Counterparty Name(s) and Address(es) | Rejection Effective Date |
|---|---|---|---|---|
| | | | | |

**B.    Leases of Non-Residential Real Property**

| # | Debtor Entity | Title/Description of Lease & Address of Subject Property | Landlord Name(s) and Address(es) | Description of Abandoned Property (If Applicable) | Rejection Effective Date |
|---|---|---|---|---|---|
| | | | | | |

**Schedule 2**

**Proposed Rejection Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MBMG HOLDING, LLC, *et al.*,[1] | Case No. 24-20576-CLC |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING THE DEBTORS TO REJECT
## CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF
## THE REJECTION DATE(S) AND (II) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of an Order Authorizing and Establishing*

---

[1] The address of the Debtors is 7500 S.W. 8th Street, Ste. 400, Miami, Florida 33144. The last four digits of the Debtors' federal tax identification numbers are: (i) Care Center Medical Group, LLC (9052); (ii) Care Center Network, LLC (5784); (iii) CCMC Physician Holdings, Inc. (4532); (iv) Clinical Care Pharmacy, LLC (2103); (v) Florida Family Primary Care Center, LLC (5005); (vi) Florida Family Primary Care Center of Pasco, LLC (8570); (vii) Florida Family Primary Care Centers of Orlando, LLC (3086); (viii) Florida Family Primary Care Centers of Pinellas, LLC (7075); (ix) Florida Family Primary Care Centers of Tampa, LLC (0631); (x) MB Medical Operations, LLC (8450); (xi) MB Medical Transport, LLC (3476); (xii) MBMG Holding, LLC (3880); (xiii) MBMG Intermediate Holding, LLC (9320); (xiv) Miami Beach Medical Centers, Inc. (3933); (xv) Miami Beach Medical Consultants, LLC (2737); and (xvi) Miami Medical & Wellness Center, LLC (2474).

13338497-10

*Procedures to Reject Executory Contracts and Unexpired Leases* [ECF No. __] (the "<u>Motion</u>") (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for entry of an order: (a) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Lease of non-residential real property, (b) authorizing and approving the Rejection Notice to affected Counterparties, and (c) granting related relief, all as more fully set forth in the Motion; and this Court's *Order Granting Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* [ECF No. __] which approved the Motion; and the filing of the notice of rejection (the "<u>Rejection Notice</u>") by the Debtors [ECF No. [•]]; and the Court finding that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) it may enter an order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at a hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Rejection Notice, and the record at any Hearing (if applicable), all of which are incorporated herein, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, it is

   **ORDERED THAT**:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1.      Each Contract and Lease listed on **Schedule A** attached hereto is hereby rejected as of the individual rejection date reflected for such Contract and Lease on **Schedule A** attached hereto (each, a "Rejection Date").

2.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts or Leases were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of any Contract or Lease is limited to the remedies available under the termination provision of such Contract or Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

3.      Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

5.      **PLEASE TAKE FURTHER NOTICE THAT, ANY PROOF OF CLAIM ASSERTING DAMAGES ARISING FROM THE REJECTION OF THE CONTRACTS AND LEASES APPEARING ON SCHEDULE A OF THIS ORDER MUST BE FILED BY THE LATER OF (I) THE DEADLINE FOR FILING PROOFS OF CLAIM**

**ESTABLISHED IN THE CHAPTER 11 CASES,[3] AND (II) 5:00 P.M. (PREVAILING EASTERN TIME) ON THE DATE THAT IS THIRTY (30) DAYS FOLLOWING THE LATER OF (A) THE DATE OF THE ENTRY OF THIS ORDER, AND (B) THE EFFECTIVE DATE OF THE REJECTION OF SUCH CONTRACT OR LEASE. ANY PERSON OR ENTITY THAT FAILS TO TIMELY FILE SUCH PROOF OF CLAIM (I) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON A CHAPTER 11 PLAN AND/OR DISTRIBUTIONS IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (II) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST EACH OF THE DEBTORS, THEIR ESTATES, AND THEIR PROPERTY (OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO).**

6.     Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

7.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

8.     The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

9.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[3]  Please see the *Order Granting Debtors' Expedited Motion (i) Establishing a General Bar Date to File Proofs of Claim, (ii) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (iii) Establishing an Amended Schedules Bar Date, (iv) Establishing a Rejection Damages Bar Date, (v) Approving the Form of, and Procedures for, Filing Proofs of Claim, (vi) Approving the Form and Manner of Notice of the Commencement of the Chapter 11 Bankruptcy Cases (a/k/a the Bar Date Notice), and (vii) Granting Related Relief*, dated October 17, 2024 [ECF No. 98] (the "Bar Date Order").

4

Submitted by:

Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  cjarvinen@bergersingerman.com

(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

13338497-10

## Schedule A to the Rejection Order

## Schedule of Rejected Contracts and Leases

**A.**  **Contracts and Leases Other than Non-Residential Real Property Leases**

| # | Debtor Entity | Title/Description of Contract or Lease | Non-Debtor Counterparty Name(s) and Address(es) | Rejection Effective Date |
|---|---|---|---|---|
|  |  |  |  |  |

**B.**  **Leases of Non-Residential Real Property**

| # | Debtor Entity | Title/Description of Lease & Address of Subject Property | Landlord Name(s) and Address(es) | Description of Abandoned Property (If Applicable) | Rejection Effective Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |